UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:18CV-P269-JHM

**PATRICK SHAWN HUDSON**                                                    **PLAINTIFF**

**v.**

**GINGY GRIDER** *et al.*                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Patrick Shawn Hudson filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983 proceeding *in forma pauperis*. Plaintiff alleged that he had been denied proper mental health treatment in violation of the Eighth Amendment. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court allowed Plaintiff's individual and official-capacity claims to continue against Defendants Gingy Grider, a mental health care provider at Green River Correctional Complex (GRCC); Denise Burket, the Medical Director at the Kentucky State Reformatory (KSR); Dawn Patterson, a Health Service Administrator at the Kentucky Department of Corrections (KDOC); and Christy Jolly, an Administrative Specialist at KDOC.

This matter is now before the Court on Plaintiff's amended complaint (DN 28). The Court construes the filing as a motion to amend the complaint and **GRANTS** the motion. *See* Fed. R. Civ. P. 15(a)(2).

The Court must undertake initial review of the amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d at 604. Upon initial review of the amended

complaint, it is evident that Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs, and the Court will dismiss the action.

## I.

The amended complaint generally restates the allegations of the complaint but provides greater detail and attaches medical records. Plaintiff names the same four Defendants in the caption of the amended complaint as he named in the original complaint. He sues them in both their individual and official capacities. He states that Grider, Burkett, Patterson, and Jolly "are responsible for inmates medical needs in Kentucky Department of Corrections . . . Bound by duty and a moral & ethical obligation." (Ellipses used by Plaintiff). In addition, he states that he wishes to "include heads of administration such as the warden, director, commissioner, superintendent, etc. who are leagally responsible for the over all operation of departments and each institution under its jurisdiction."

Plaintiff states, "Due to inadiquate staffing, and a lack of compassion, it took over a month to get to see the OPS provider Gingy Grider." He asserts, "Prior to meeting and talking to me on 8-16-17, Gingy Grider proscribed me medication that is harmful and dangerous for me (Prozac 20 mg)." He continues, "When I finally got to see OPS Grider she was very cynical, unkind, and unprofessional in her evaluation and comments and sugestions." He states that Grider "refused to accept my sugestions or believe my account of my mental health history and treatment." He reports that Grider offered to prescribe him medications "like Raspiritol, Lythium, thorazine . . . . Dangerous and inappropriate medicens . . . . Instead of/rejecting the medication sugestions of my 'actual' doctors that I gave account of." (Ellipses used by Plaintiff). He states that no attempt was made to obtain his medical records to show his history of treatment.

Plaintiff further states, "My follow up apointments were/have been put off 30, 60, and 90 days at a time with no reguard of my ongoing symtoms." He asserts, "As a result of my untreated (unproperly treated) mental illness, I have experienced a kind of nervous breakdown and an increase in the depression and anxiety symtoms I struggle with and suffer from. My frustration & despair is often unbarable." Plaintiff attaches medical records, which he states "verify" his factual allegations. He states that he used the grievance process at GRCC and was sent a response stating that the grievance had been resolved but that was untrue.

As relief, Plaintiff seeks declaratory and injunctive relief and punitive damages in the amount of $1.00.

## II.

An Eighth Amendment claim of deliberate indifference to a prisoner's medical needs has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 527, 837-47 (1994)).

Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* Thus, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment between an inmate and prison medical personnel cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted).

For the purposes of this review, the Court will assume that Plaintiff's mental health issues constitute a serious medical need. Therefore, the Court must determine whether Plaintiff's allegations show that Defendants were deliberately indifferent to that need.

It is evident from the amended complaint that Plaintiff was receiving mental health treatment. Moreover, the medical records attached to the amended complaint show that Plaintiff was seen my GRCC medical personnel for complaints concerning his mental health symptoms and/or psychiatric medications on August 6, 2017; August 15, 2017; August 16, 2017; August 25, 2017; September 1, 2017; September 6, 2017; September 27, 2017; October 3, 2017; November 22, 2017; and January 3, 2018. However, Plaintiff disagrees with the medication prescribed to him. These allegations amount to a difference of opinion over the adequacy of the treatment he is receiving and are not sufficient to state a deliberate indifference claim. *See Pyles*

4

*v. Fahim*, 771 F. 3d 403, 409 (7th Cir. 2014) ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."); *Colvin v. Burns*, No. 2:08-CV-276, 2010 U.S. Dist. LEXIS 47206, at *2 (E.D. Tenn. May 13, 2010) ("As long as the treatment actually afforded an inmate squares with constitutional standards, he has no right to demand second opinions, a certain physician, or a particular treatment.") (citations omitted).

Likewise, while Plaintiff's allegations that he was prescribed medications that were ineffective or caused a negative reaction may give rise to a medical malpractice claim, they are not sufficient to state a deliberate indifference claim. *See Ascencio v. Hall*, No. 4:11cv503, 2011 U.S. Dist. LEXIS 104483, at *8 (N.D. Ohio Sept. 15, 2011) (dismissing Eighth Amendment claim where plaintiff alleged defendant should have foreseen consequences of prescribing him certain medication); *Brittenham v. Dinsa*, No. 2:09-CV-14025, 2010 U.S. Dist. LEXIS 16440, at *1 (E.D. Mich. Feb. 23, 2010) (dismissing Eighth Amendment claim where the plaintiff alleged that a doctor prescribed medication that interacted negatively with another medication he was taking).

The Court is sympathetic to Plaintiff's concerns for his mental health and dissatisfaction with his treatment. However, it is evident that he has received mental health treatment, and this Court will not second guess the medical judgments made by prison medical personnel. *See Westlake*, 537 F.2d at 860 n.5. Therefore, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, the Court will enter a separate Order dismissing the action.

Date: January 17, 2019

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.010